53,947-09

| | | |
|---|---|---|
| EX PARTE | § | IN THE 259th JUDICIAL |
| Brian Avery Hough | § | DISTRICT COURT OF |
| | § | JONES COUNTY, TEXAS |
| | § | |

## COVER LETTER

Dear Clerk

Please file this my Traverse Motion for Objecting to the Order of this court issued requesting deniel of Relief of my 11.07 Writ of Habeas Corpus. This is also being sent as quickly as possible to be transmitted to the Court of Criminal Appeals in Austin Texas. This is also being sent by Certified Return Mail Receipt NO. 7014 2120 0001 9276 9982.

Date Feb. 18, 2015.

Brian Avery Hough
TDCJ # 935346
Connally Unit
899 F.M. 632
Kenedy, Texas 78119

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

Ex parte                             §        IN THE 259th
Brian Avery Hough                              JUDICIAL DISTRICT COURT

v.                                   §        OF JONES COUNTY, TEXAS

The State of Texas                   §

APPLICANTS TRAVERSE MOTION OBJECTING TO THE
ORDER OF THIS COURT ISSUED REQUESTING DENIEL OF RELIEF

To The Honorable Court:

Now Comes Brian Avery Hough, Applicant, and would show this Court that he filed an Application for Writ of Habeas Corpus under Article 11.07 in this Court. This would be his Third Application sent Pro se to this Court in Cause number 8563 for the Offense of Aggravated Sexual Assault of a Child, the conviction Applicant was alleged to have been convicted of after an actual Arraignment Indicting Proceeding Trial. And is the conviction on which a Direct Appeal was granted for and Appeal Counsel appointed for, By this Court. The Applicant had further been wildly charged for a Plain Sexual Assault of the Same Victim, whom was now over the age of Fourteen when testifying in this actual arraignment where actual indictment are handed down, and the Court then obtains its Jurisdiction if one is indicted. And if so it is a this point that the case is assigned to a trial Court.

Applicant has infact filed three Applications in attempt to obtain relief in cause number 8563 of a Prosecutors wildly charged indictment for an Aggravated Offense, and his 40 year sentence he recieved for a Aggravated Offense of the Prosecutors wildly charged indictment in 8563. And this Court has denied relief in hhis first two Applications. However, Applicant has now filed a Third Application Demonstrating Ineffective Assstance of Counsel, Prosecutor Misconduct, and Abuse of Discretion by the Trial Court and Trial Judge. And demonstrating how his illegal conviction of a Prosecutors wildly charged indictment in 8563 Aggravated Sexual Assault offense was entertwined with a plain Sexual Assault of the Same victim now over the age of 14 when testifying before the jury at actual arraignment proceeding. A second wildly charged indictment of the prosecutor now in 8564 a Plain Sexual Assault, that was alleged to have been dismissed after it was alleged Applicant was alleged Applicant was found guilty of the Aggravated Sexual Assault, and

1.

sentenced to 40 years by the Judge after an actual arraignment trial. Trial by jury for an Aggravated Offense in 8563. In Applicants third Application he has clearly demonstrated an entitlement to relief, and that 8563, was entertwined into 8564 to increase Applicants Sentence from a plain sexual assault to an Aggravated Sexual Assault for which he recieved a sentence excess of the True-Bill handed down by the jury at this actual arraignment.

The Applicant would further show that he has never filed any Application in case number 8564 the Lesser Offense, due to the fact that this Offense was alleged to have been dismissed, and would be the Lower Offense of plain Sexual Assault, the only offense the jury could have indicted Applicant on or convicted Applicant of, due to the age of the victim. Not for an Aggravated offense as in case 8563 of the prosecutors wildly charged indictment that Applicant is alleged to be convicted of , and for which an appeal was filed in. However, Applicants third Application for relief clearly demonstrated he received Ineffective Assistance of Counsel among other things. He has alleged facts that would entitle him to relief. **STRICKLAND V. WASHINGTON** 466 U.S. 668 (1984). **EX PARTE PATTERSON** 993 S.W.2d. 114, 115 (Tex. Crim. App. 1999). In these circumstances additional facts are needed from the Trial Court. As the Court held in **EX PARTE RODRIGUEZ** 334 S.W.2d. 294, (Tex. Crim. App. 1960).

The Trial Court is the Appropriate forum for findings of Facts. And for the fact ythe Trial Court Issued its Orders without ordering respondant to address the claims raised in his Application. It would be error for this Court to deny relief in his Successive Third Application Demonstrating an Entitlement to Relief.

Applicant would further object that the issues raised in his third Application are not invalid attacks thur an 11.07 Writ of Habeas Corpus. And or that the issues raised included matters that could have been raised in his prior Applications.

The Applicant never raised the issues in his first and second Applicantions because the issues raised now in his Third Application involved to seperate cause numbers that were not final in one cause number to even attack in Runnels

2.

County in cause number 4880. And cause number 8564 the Lesser Count was alleged to have been dismissed, and so no appeal was provided in 8564. Whereas Applicant was being mislead with the cause of action for which a Direct Appeal was actually taken in. However, Applicants Third Application demonstrated how all his cause numbers wildly charged by Prosecutors were all entertwined into one True-Bill of a Grandjury cause numbered Indictment handed down to deprive Applicant of his rights and illegally inprison him. In violation of his Constitutional and Civil Rights, Deprivation of right to a trial by jury on a True-Bill and actual cause number assigned and District Court and County assignedd to.

Applicant Prays that Relief be Grabted in this case, and remand him back to the District Court for a New Sentencing Trial.

Respectfully Submitted,

Brian Avery Hough TDCJ # 935346
John B. Connally Unit
899 F.M. 632
Kenedy, Texas 78119

3.